### DAWN WANN *v.* MICHAEL LEMIEUX
### (13746)

DUPONT, C. J., and O'CONNELL, FOTI, LAVERY, LANDAU, HEIMAN, SCHALLER and SPEAR, Js.

Considered September 8—decision released October 18, 1994

*Richard Blumenthal,* attorney general, and *Kenneth A. Graham,* assistant attorney general, in support of the motion to dismiss.

*Richard G. Kent,* in opposition to the motion to dismiss.

HEIMAN, J. The respondent appeals from the decision of the trial court setting aside an order of a family support magistrate and remanding the matter for further proceedings. The petitioner has moved to dismiss the appeal claiming that we lack subject matter jurisdiction because the order from which the respondent appealed is not a final judgment. We agree.

The petitioner, a Pennsylvania resident, filed an action under the Uniform Reciprocal Enforcement of Support Act, General Statutes § 46b-180 et seq., seeking both an adjudication of paternity and support for her minor child born August 6, 1987.[1] At trial before the family support magistrate, the magistrate excluded from evidence human leukocyte antigen (HLA) genetic test results that the petitioner sought to introduce to establish paternity. The magistrate determined that the petitioner had failed to establish a prima facie case and granted the respondent's motion for nonsuit. The petitioner filed a motion to set aside the judgment of nonsuit, which was denied.

On February 22, 1991, the petitioner filed an appeal in the Superior Court pursuant to General Statutes § 46b-231 (n) from the decision of the family support magistrate.[2] On May 31, 1994, the court held that the family support magistrate should have admitted the result of the HLA test into evidence under General Statutes § 46b-168, and that the erroneous ruling prejudiced substantial rights of the petitioner. The court set aside the family support magistrate's decision and remanded the case to the magistrate for further proceedings consistent with the decision.

---

[1] The attorney general is representing the petitioner in this action pursuant to General Statutes §§ 46b-186 and 46b-231 (t) (2).

[2] General Statutes § 46b-231 (n) (1) provides: "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section."

Section 46b-231 (n) (7) provides: "The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Under General Statutes § 46b-231 (o), upon final determination of any appeal from a decision of a family support magistrate by the Superior Court, there is no further right of review except to the Appellate Court. "The procedure on such appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court." General Statutes § 46b-231 (o).

"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court." *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford,* 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). If there is no final judgment, we cannot reach the merits of the appeal. General Statutes §§ 51-197a and 52-263; Practice Book § 4000.

An interlocutory order is a final judgment for purposes of appeal "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State*

v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The Superior Court order setting aside the nonsuit, finding that the HLA evidence should have been admitted and remanding the matter to the magistrate for further proceedings in the paternity and support matter, did not terminate a separate and distinct proceeding, nor did it conclude the rights of the parties so that further proceedings cannot affect them. See id.

The underlying paternity action is still pending, there has been no adjudication of paternity, and further proceedings before the magistrate could affect the rights of the parties. The Superior Court's order has the practical effect of opening the paternity action and continuing that proceeding. The court ordered the magistrate to admit the HLA evidence, but it did not dictate the outcome of the paternity and support action itself. The Superior Court decision does not satisfy either prong of the *Curcio* test.

The appeal is dismissed.

In this opinion the other judges concurred.