CARLENE E. KULISCH *v.* AETNA CASUALTY AND
SURETY COMPANY
(13620)

DUPONT, C. J., and FOTI, LAVERY, LANDAU and HEIMAN, Js.

Considered September 21—decision released October 18, 1994

*Frank S. Marcucci,* for the appellant (plaintiff).

*Rodd J. Mantell,* for the appellee (defendant).

PER CURIAM. This appeal comes to us on a reservation by the trial court of three questions relating to the interpretation and constitutionality of Public Acts 1993, No. 93-77 (P.A. 93-77), which amended General Statutes §§ 38a-290 and 38a-336. The pertinent facts are the subject of a stipulation and are undisputed. On September 29, 1987, the plaintiff was injured in a motor vehicle accident caused by the negligence of Joselyn Prishwalko, the operator of a second vehicle. The parties agreed that the plaintiff suffered injuries and damages of $43,000 as a result of the accident.[1] At the time of the accident, the plaintiff was the insured and a covered person, pursuant to an automobile liability insurance policy issued by the defendant. The policy provided uninsured, underinsured motorist benefits with a $300,000 limit. By letter dated December 18, 1989, the plaintiff demanded underinsured motorist benefits from the defendant. The automobile liability insurance policy issued by the defendant states in pertinent part: "All claims or suits under part C must be brought within two years of the date of the accident."

The plaintiff filed suit seeking payment of underinsured motorist benefits. While this action was pending in Superior Court, the legislature enacted P.A. 93-77, which provided that no insurance company may limit the time within which any suit or demand for uninsured or underinsured benefits may be brought to a period of less than three years from the date of the accident. The parties stipulated that if "said Public Act is

---

[1] The parties also stipulated that the plaintiff received the sum of $20,000 from the tortfeasor, Joselyn Prishwalko, which exhausted any and all liability insurance issued for the benefit of the tortfeasor. The parties further stipulated that this sum should be set off against amounts, if any, recovered from the defendant Aetna Casualty and Surety Company.

constitutional, the plaintiff has a valid claim for benefits and judgment can enter for the plaintiff in accordance with the stipulation of facts. If the act is unconstitutional, the plaintiff does not have a valid claim and judgment may enter for the defendant."

In accordance with the stipulation of the parties and our recent decision in *Aetna Life & Casualty* v. *Braccidiferro,* 34 Conn. App. 833, 643 A.2d 1305, cert. granted, 231 Conn. 918, 919, 661 A.2d 98 (1994), the questions reserved for this court's consideration are answered as follows:

To the first reserved question—Is Public Act 93-77 constitutional as applied to the facts of this case?—we answer "Yes." To the second reserved question—Does retroactive application of Public Act 93-77 violate the contract clause of the United States constitution as applied to the facts of this case?—we answer "No." To the third reserved question—Does retroactive application of Public Act 93-77 violate the due process clause of the United States constitution, as applied to the facts of this case?—we answer "No."

No costs will be taxed to either party.