## ROBERTA A. DACEY *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
### (13703)

Dupont, C. J., and Lavery and Heiman, Js.

Argued December 14, 1995—officially released April 9, 1996

*M. Leonard Caine III*, for the appellants (defendant clerk of the borough of Naugatuck et al.).

1

*Charles J. Goddard,* for the appellee (plaintiff).

*Charles Krich,* staff attorney, with whom, on the brief, was *Philip A. Murphy, Jr.,* commission counsel, for the appellee (named defendant).

HEIMAN, J. The defendants[1] appeal from the judgment of the Superior Court remanding the case to the commission on human rights and opportunities (commission) for further proceedings. The defendants claim that the court improperly substituted its factual findings for those of the commission. Because we conclude that there is no final judgment in this case, we dismiss the defendants' appeal.

The record discloses the following relevant facts and procedural history. On April 26, 1982, the plaintiff, age thirty-six, applied for a job as a police officer with the Naugatuck police department. After she submitted her application, she met with the chief of police, who rejected her application because her age exceeded the police department's age limit for new employees. On August 26, 1982, the plaintiff filed a complaint with the commission, claiming that the police department had discriminated against her on the bases of her age and gender. The commission found that the police department had discriminated against the plaintiff on the basis of her age in violation of General Statutes § 46a-60 (a) (1),[2] but that the police department had not discrimi-

---

[1] In the plaintiff's appeal to the Superior Court, the defendants included the commission on human rights and opportunities (commission), the clerk of the borough of Naugatuck, the board of burgesses of Naugatuck, the mayor of Naugatuck and the police commission of Naugatuck. In that appeal, the commission, although it was a defendant, joined the plaintiff in contesting the actions of the commission's presiding officer but did not file a separate appeal pursuant to General Statutes § 46a-94a. The commission did not appeal to this court from the Superior Court's decision. We refer to the remaining defendants as the defendants in this case.

[2] General Statutes § 46a-60 (a) provides in pertinent part: "It shall be a discriminatory practice in violation of this section:

"(1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or

nated against the plaintiff on the basis of gender. The commission found that had the police department not discriminated against the plaintiff, she would have been hired as a part-time supernumerary police officer in 1982 or 1983 and would have served as a supernumerary until 1985, the year that the police department eliminated supernumerary positions. Furthermore, the commission found that the plaintiff did not present sufficient evidence to prove that she would have been promoted to the position of full-time police officer by 1985. On the basis of its findings that the plaintiff would have been employed as a supernumerary until 1985 and would not have been employed by the police department thereafter, the commission awarded the plaintiff damages of $7500 for lost wages and compensation. The commission also awarded the plaintiff attorney's fees and $2500 for emotional distress. Finally, the commission ordered the police department to discontinue its policy that prohibited individuals over the age of thirty-five from applying for police officer positions.

The plaintiff appealed to the Superior Court, pursuant to General Statutes §§ 46a-94a and 4-183, claiming that the commission had improperly imposed the burden on her to prove that she would have been hired as a full-time police officer by 1985. The trial court found that the commission should have imposed on the police department the burden of proving that it would not have hired the plaintiff as a full-time police officer between 1982 and 1985. On the basis of the evidence presented at the commission hearing, the court also found that had the police department not engaged in discriminatory hiring practices, the plaintiff would have

to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability or physical disability, including, but not limited to, blindness . . . ."

been hired as a full-time police officer after she had served as a supernumerary for a short period of time. The court determined that the police department would not have been able to prove otherwise. In addition, the court found that the evidence demonstrated that the average time served by an employee as a supernumerary was generally eighteen and one-half months, and that the average time served by an employee as a supernumerary at the time the plaintiff applied for employment was seven months. The court remanded the case to the commission and ordered it to determine, on the basis of the available evidence, when the plaintiff would have been hired as a full-time police officer and how much back pay she is entitled to receive. Following the Superior Court's remand order, the defendants appealed to this court. On appeal, the defendants claim that the Superior Court improperly substituted its factual findings for those of the commission.

Prior to oral argument, we noted the possibility that in light of our Supreme Court's opinion in *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, 233 Conn. 486, 659 A.2d 714 (1995), the defendants' appeal to this court had not been taken from a final judgment. The parties were advised of our concern and notified that the final judgment issue would be addressed at oral argument. See *Annecharico* v. *Patterson*, 38 Conn. App. 338, 339, 660 A.2d 880 (1995). We conclude that no final judgment exists here.

" 'The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court.' *Schick* v. *Windsor Airmotive Division/Barnes Group*, 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford*, 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). If there is no final judgment, we cannot reach the merits of the appeal. General Statutes §§ 51-197a and 52-263; Practice Book § 4000." *Wann* v. *Lemieux*, 36 Conn. App. 138, 140, 648 A.2d 889 (1994).

Pursuant to General Statutes § 4-183 (j), a remand order in an administrative appeal is a final judgment. That provision, however, was enacted in 1988 as an amendment to the Uniform Administrative Procedure Act, and it applies only in cases where the underlying agency proceedings commenced on or after July 1, 1989. *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 233 Conn. 496. Here, the agency proceedings commenced on August 26, 1982, the date that the plaintiff filed her complaint with the commission. See Regs., Conn. State Agencies § 46a-54-37. Thus, § 4-183 (j) does not apply in this case, and the Superior Court's remand order is not automatically a final judgment. *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 498. Because § 4-183 (j) does not apply here, we must determine whether the Superior Court's remand order satisfies the test for final judgment set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 498. Under *State* v. *Curcio*, supra, 31, the court's order will be considered immediately appealable only "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them."

The remand order in this case directed the commission to determine when the plaintiff would have been hired as a full-time police officer and how much back pay she is entitled to receive. Because the remand order "cannot be said, on any theory, to have 'terminated' any part of the proceedings, the only issue of appealability is whether the rights of the parties have been so definitively resolved 'that further proceedings cannot affect them.' " *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 233 Conn. 499. This issue must be resolved by examining the scope of the remand order. Id.

Our Supreme Court has distinguished between two types of administrative remands in determining whether the second prong of *State* v. *Curcio*, supra, 191 Conn. 31, has been satisfied. See *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 233 Conn. 498–99. " 'A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, [our Supreme Court has] held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. See, e.g., *Watson* v. *Howard*, 138 Conn. 464, 468, 86 A.2d 67 (1952); *Santos* v. *Publix Theatres Corporation*, 108 Conn. 159, 161, 142 A. 745 (1928). A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication. Without dictating the outcome of the further administrative proceedings, the [trial] court may insist on further administrative evidentiary findings as a precondition to final judicial resolution of all the issues between the parties. . . . Such an order is not a final judgment. See, e.g., *Burdick* v. *United States Finishing Co.*, 128 Conn. 284, 288–89, 22 A.2d 629 (1941); *Luliewicz* v. *Eastern Malleable Iron Co.*, 126 Conn. 522, 524, 12 A.2d 779 (1940).' *Schieffelin & Co.* v. *Dept. of Liquor Control*, [202 Conn. 405, 410, 521 A.2d 566 (1987)]." *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 499.

The pertinent part of the Superior Court's remand order in this case is as follows: "[T]he case must be remanded to the commission so that it may, on the basis of the present record, determine when the plaintiff would have been hired as a full-time officer and how much back pay she is entitled to receive as a result."

The order explicitly directs the commission to make further evidentiary findings that will lead to a final administrative resolution of the issues raised by the parties. See id. Because the order requires the commission to make these supplementary factual findings, we conclude that the order seeks "amplification of 'an administrative ruling [that] is in some [material] fashion incomplete and therefore not ripe for final judicial adjudication.' [*Schieffelin & Co.* v. *Dept. of Liquor Control*], supra, 202 Conn. 410." *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 233 Conn. 502. Accordingly, the defendants' appeal is not taken from a final judgment, and we are without jurisdiction to reach the merits of the appeal. *Wann* v. *Lemieux*, supra, 36 Conn. App. 140.

The appeal is dismissed.

In this opinion the other judges concurred.