[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: STATE'S MOTION TO APPEAL MOTION FOR SANCTIONS,AND DEFENDANT'S
This memorandum of decision addresses the defendant's appeal from the decision of the Family Support Magistrate, dated September 10, 1996, which had denied the defendant's Motion to Dismiss a pending paternity petition. As grounds for his appeal to the Superior Court, submitted under date of September 13, 1996, the defendant claims that the sworn statement filed in support of the petition for paternity was not properly verified as is required by § 46b-160 (a). He further claims that the CT Page 210-K petition for paternity did not follow the language prescribed by § 46b-162. See Defendant's Statement of Issues, submitted under date of September 13, 1996.[1]
This memorandum of decision also addresses the Motion to Dismiss Appeal Motion for Sanctions [sic] submitted in response by the plaintiff State of Connecticut under date of September 20, 1996. As grounds for its motion to dismiss the appeal, the state claims that the magistrate's decision did not constitute a final judgment, and that the defendant's appeal to the Superior Court is therefore premature. The state asserts that unless and until the defendant is adjudicated the father of the child at issue, after full hearing of the paternity petition, there can be no final judgment which would provide jurisdiction for this court to entertain the defendant's appeal. The state further claims entitlement to payment of attorney's fees on the grounds that the defendant's appeal was "frivolous." See State's Motion to Dismiss Appeal Motion for Sanctions, dated September 20, 1996.
Both the defendant and the State of Connecticut were represented by counsel, who submitted briefs in support of their respective positions, and who delivered argument of this appeal to the court on October 9, 1996. The court finds the issue of jurisdiction in favor of the state. The court finds the issue of sanctions in favor of the defendant. CT Page 210-L
 I
On review of the pleadings and the record in this case, the court finds the following facts:
Under date of April 23, 1996, the state submitted a Paternity Petition to the Family Support Magistrate Division of the Superior Court. This petition was served upon the defendant, in hand, on May 21, 1996, and he was duly informed that a hearing on the institution of the paternity action was to take place on July 30, 1996. Page 2 of this petition contained a "verified statement of facts" which set forth, in part, the following pertinent claims and information:
VERIFIED STATEMENT OF FACTS (PATERNITY)
 The individual signing this verified statement of facts states that he/she is authorized by the Commissioner of Social Services to provide the Attorney General's Office with the following sworn statements of fact, based on his/her best information and belief:
 1. The Bureau of Child Support Enforcement, Department of Social Services, is providing child support services on behalf CT Page 210-M of the supervising relative and child(ren) listed below in No. 2, of the following type:
AFDC AFDC/FC Medicaid X Non-AFDC.
 2. The CHILD(REN) on whose behalf child support services are being provided were born or conceived out of wedlock. A determination of paternity and related support orders are requested for:
 Name of Child Birth Date JASON GREGORY BRETEMPS 12-11-79
3. The MOTHER of the child(ren) is:
DIANE BRETEMPS
 4. The mother is X a single woman OR a married woman but the child(ren) was/were begotten by a man other than her husband.
 5. The mother of the child(ren) has provided the State of Connecticut with a sworn Affirmation of Paternity naming the following individual as the FATHER:
GREGORY STRONA 58 BUCKINGHAM STREET, NEWINGTON, CT 06111 CT Page 210-N
 6. The defendant has refused or neglected to admit that he is the father of the child(ren) and the Department of Social Services has requested that the Attorney General's Office institute paternity proceedings in order to establish paternity and financial and medical support obligations.
Dated at Manchester, Connecticut April 29, 1996.
 Cindy A. Madison Investigator/Supervisor
Department of Social Services
 Personally appeared, Cindy A. Madison,
Investigator/Supervisor, Department of Social Services, who being duly sworn, made oath that the facts stated in the foregoing verified statement of facts are true.
 (signature)
Commissioner of Superior Court Notary Public (MCE 3-31-01) BCSE Investigator
At oral argument presented on July 30, 1996, Family Support Magistrate Elliot A. Ginsberg considered the efficacy of the CT Page 210-O petition and claims set forth in the defendant's Motion to Dismiss presented on July 30, 1996. In response to this argument and briefs thereafter submitted by the parties, Magistrate Ginsberg denied the defendant's motion on September 10, 1996. The file does not reflect whether any party requested a clarification of the magistrate's decision.
This appeal followed. While the defendant has presented no evidence on the subject of aggrievement, the state has not contested this aspect of his claim. The court finds that the magistrate's decision imposes a burden upon the defendant.
 II
The court commences its consideration of this case with attention to the state's claim that the superior court lacks jurisdiction to evaluate the merits of the defendant's appeal. Our law clearly establishes that "[l]ack of jurisdiction, once raised, must be disposed of Baldwin Piano Organ Co. v. Blake,186 Conn. 295, 297, 441 A.2d 183 (1982)." Upson v. State,190 Conn. 622, 625 (1983). See Practice Book § 142, 143. A motion to dismiss is the `proper procedural vehicle to test the trial court's jurisdiction." Upson v. State, supra, 190 Conn. 624-25 n. 4. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as CT Page 210-P a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "[W]henever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Citation and footnote omitted.) Upson v. State, supra, 190 Conn. 624. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256,263, 571 A.2d 696 (1990); see also Lemoine v. McCann,40 Conn. App. 460, 468 (1996). Accordingly, in reaching its decision in this case, the court has considered the allegations of the petition in the light most favorable to the pleader. Savage v.Aronson, supra, 214 Conn. 263; Lemoine v. McCann, supra,40 Conn. App. 468. Furthermore, the court has limited its factual review to the record presented in this appeal from the decision of the CT Page 210-Q family support magistrate. Barde v. Board of Trustees, supra,207 Conn. 62.
The state having raised the issue of jurisdiction, the court must determine whether or not the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken. "The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court. . . . Where there is no final judgment, we cannot reach the merits of the appeal." (Internal and external citations omitted.) Ackersonv. Bridgeport, 36 Conn. App. 158, 159 (1994). See also White v.White, 42 Conn. App. 747, 749 (1996). "It is undisputed that the denial of a motion to dismiss is not ordinarily a final judgment.Sasso v. Aleshin, 197 Conn. 87, 90, 495 A.2d 1066 (1985). . . ." (Other citations omitted.) Ackerson v. Bridgeport, supra,36 Conn. App. 159-160.[2]
No reported Connecticut appellate level decisions specifically address the subject of whether the Superior Court has jurisdiction to entertain the appeal of a Family Support Magistrate's decision, when such decision has affirmatively established the state's right to pursue a paternity action through its denial of a putative father's motion to dismiss that pending claim. In his response to the state's motion to dismiss, the defendant asserts that the Superior Court has jurisdiction CT Page 210-R over this appeal pursuant to the rule of Sasso v. Aleshin, supra,197 Conn. 87. Response to State's Motion Dated September 20, 1996, dated September 24, 1996. The state also relies upon Sassov. Aleshin, supra, albeit submitting this same decision as the basis for its claim that the Superior Court has no jurisdiction in this matter.
Upon a careful reading and application of Sasso v. Aleshin,
supra, it is clear that Magistrate Ginsberg's denial of the defendant's motion to dismiss cannot be found to constitute a final judgment from which an appeal can be taken to the Superior Court. The appeal in Sasso arose in the context of an action that had been brought by the named plaintiff to establish the paternity of her child. She was joined in her claim by the state, which sought to obtain reimbursement of financial assistance that it had rendered on behalf of the child. Initially, after a hearing, a judge of the Superior Court found the defendant to be the father of the child at issue, but failed to impose an order of support. Sasso v. Aleshin, supra, 197 Conn. 88. The hearing was "postponed" to permit consideration of these financial issues, and to allow the defendant the opportunity to assert the special defenses and motion to dismiss that he had raised against the paternity action as originally filed. Id. 88-89. After the second hearing was held, the court entered orders of support on two occasions, having again continued the case for consideration CT Page 210-S of the motion to dismiss. Id., 89. "After a full hearing on the legal issues, the court denied the defendant's motion to dismiss and filed an accompanying memorandum of decision discussing the issues involved. No judgment, however, was ever rendered to correspond with [either] the decision denying the motion to dismiss . . ." or the financial orders. Id.
The Supreme Court acknowledged that "procedural confusion in this case may have led the parties to the erroneous conclusion that there was a final judgment" entitling the defendant to appeal the orders of the trial court. Id., 90-91. However, it clearly stated that under the circumstances presented, no final judgment had been entered which could be found to have disposed of the issues. "The defendant's rights [were] not concluded in this case because judgment was not entered against him with respect to the amount he was required to pay to the state. This situation is similar to that in which a judgment is entered as to liability only, without reference to damages. Such a judgment, interlocutory in character, is not an appealable final judgment." (Citations omitted.) Id., 91. Concluding the per curiam decision,Sasso v. Aleshin stated: "[b]ecause the trial court's denial of the defendant's motion to dismiss is not a final judgment, the appeal is dismissed for lack of jurisdiction." Id.
Sasso v. Aleshin, supra; 197 Conn. 90; specifically concerned CT Page 210-T the status of an appeal in the context of an appeal brought following an interlocutory ruling by the Superior Court, not a Family Support Magistrate. Nonetheless, this decision supports the wise and judicially efficient principle that only final, dispositive orders issued by any judicial or quasi-judicial agency should be permitted to give rise to an appeal prior to consideration of the merits of the underlying claim. "`Limiting appeals to judgments that are final serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings.' Madigan v. Madigan,224 Conn. 749, 752-53, 620 A.2d 1276 (1993)." White v. White, supra,42 Conn. App. 749.
The lessons of Wann v. Lemieux are similarly applicable to this case. 36 Conn. App. 138 (1994). Wann v. Lemieux concerned the plaintiff-mother's efforts to have the defendant adjudicated the father of her child. After trial, the family support magistrate determined that the plaintiff's evidence of paternity was insufficient, and therefore granted the defendant's motion for nonsuit. 36 Conn. App. 139. The family support magistrate thereafter denied the plaintiff's motion to set aside the "judgment of nonsuit". Id. The plaintiff appealed this decision to the Superior Court, which concluded that the family support magistrate had issued erroneous evidentiary rulings. Id. The Superior Court "set aside the family support magistrate's CT Page 210-U decision and remanded the case to the magistrate for further proceedings consistent with the decision." Id. When the defendant appealed this ruling to the Appellate Court, the plaintiff responded with a motion to dismiss the appeal, claiming that the Superior Court's order was "not a final judgment," so that there was no jurisdiction to entertain the appeal. Id. The Appellate Court stated the following rule for determining when an interlocutory order could serve as the basis for an appeal: "An interlocutory order is a final judgment for purposes of appeal `(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' State v. Curcio, 191 Conn. 27, 31, 463 A.2d 566 (1983)."Wann v. Lemieux, supra, 36 Conn. App. 140. In deciding that the defendant in Wann v. Lemieux had failed to present a final judgment from which he could properly appeal, the Appellate Court found that the Superior Court order setting aside the nonsuit "did not terminate a separate and distinct proceeding, nor did it conclude the rights of the parties so that further proceedings cannot affect them." Wann v. Lemieux, supra, 36 Conn. App. 141. As the underlying paternity action was still pending, and as there had been no adjudication of paternity, the court concluded that no final judgment had been rendered, so that the defendant was not entitled to bring his appeal pursuant to the application of § 46b-231(o).[3] Id. CT Page 210-V
There is no authority which expressly directs the Superior Court to follow the protocol of the Appellate Court in determining whether a decision of a family support magistrate constitutes a "final judgment" or "final decision" subject to appeal. The text of § 46b-231(n), which establishes the procedures applicable to appeals from the rulings of the family support magistrate, establishes that "a person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal . . ." (Emphasis added.) §46b-231(n)(1). The statute specifies that the appeal shall be heard by the superior court without a jury. § 46b-231 (n)(6). However, the term "final decision," as used within §46b-231(n)(1), remains without definition.
The logical extension of the rules of both Sasso v. Aleshin,
supra, and Wann v. Lemieux, supra, would require the superior court to utilize a strict degree of scrutiny in ascertaining whether a magistrate's ruling is ripe for appeal, similar to the protocol the appellate court is required to follow in assessing whether an interlocutory order of the superior court is a final judgment for purposes of appeal. The defendant has provided no persuasive argument or relevant decision to support his claim that an appeal can be taken from a family support magistrate's decision even where the underlying order fails to terminate a CT Page 210-W separate and distinct proceeding, or where the order so fails to conclude the rights of the parties that further proceedings cannot affect them. See State v. Curcio, supra, 191 Conn. 31;Wann v. Lemieux, supra, 36 Conn. App. 140.
Directly relating the rules of Sasso v. Aleshin, supra, andWann v. Lemieux to the paternity case at issue, the court is unable to assign the family support magistrate's denial of the defendant's motion to dismiss, on September 10, 1997, the status of either a "final decision" within the meaning of §46b-231(n)(1) or a "final judgment" for purposes of entitling him to an appeal of this matter to the superior court.[4] As in Sassov. Aleshin, the magistrate's ruling does not constitute a final judgment which disposes of all the defendant's rights in the matter. Sasso v. Aleshin, supra, 197 Conn. 91. As in Wann v.Lemieux, the family magistrate's ruling in this paternity action neither fully resolved the rights of the parties, nor did it enter a final judgment which determined the interests of the parties in such a way that further proceedings could not affect them. Wann v. Lemieux, supra, 36 Conn. App. 141. The magistrate's ruling, instead, clearly represents an interlocutory decision, made during the course of the litigation, without a permanent effect on the rights of any party to the action. If the defendant is adjudicated the father of the child identified in the petition, and judgment enters in favor of the plaintiff mother CT Page 210-Y and the state, the defendant will stand in the position of one whose rights have been fully disposed, entitling him to appeal this "final decision" to the superior court. § 46b-231
(n)(1); Sasso v. Aleshin, supra; Wann v. Lemieux, supra. If the defendant is not adjudicated the father of the child at issue, the state may elect to bring an appeal. At this stage of the litigation, however, this court has no jurisdiction to entertain the defendant's Motion to Dismiss he dated September 13, 1996.Sasso v. Aleshin, supra, 197 Conn. 90, 91; Wann v. Lemieux,36 Conn. App. 138, 140 (1994).
Although this court has determined that it lacks the subject matter jurisdiction required for further consideration of the claims raised by the defendant, the issues raised by this appeal are novel and compelling, not previously resolved by either our statutes or our case law. Under these circumstances, the court cannot conclude that the defendant's appeal is "frivolous," as so vigorously argued by the state. See State's Motion to Dismiss Appeal Motion for Sanctions, dated September 20, 1996. No basis exists, therefore, for imposition of sanctions upon the defendant due to his attempt at prosecuting his appeal at this stage of the proceedings.
 III
Although the court's determination of the jurisdictional CT Page 210-Z issues raised by the state is dispositive of this matter, a statement concerning the remaining legal issues raised by the defendant is provided in compliance with § 4059 of the Rules of Practice.
As noted, the defendant has claimed that the sworn statement submitted by the plaintiff in support of the pending petition for paternity was not properly verified as is required by §46b-160 (a).[5] He has further claimed that the plaintiff's petition for paternity did not follow the language of §46b-162, as is required by that statute.[6] The court finds the following additional facts in specific relation to these issues:
The paternity petition filed by the state under date of April 23, 1996 asserts that the state has an interest in the support of the child at issue, as it has provided support services of the child; that the defendant is the putative father of the child; that Diane Bretemps, a single woman, is the mother of the child; and that the child was born out of wedlock. The petition identifies the child as Jason Gregory Bretemps, born December 11, 1979. The petition fails to specifically allege that Diane Bretemps neglected to bring a paternity petition, or that she failed to institute such proceedings against Gregory Strona or to prosecute such an action to final judgment. Such allegations would be consistent with the language of § 46b-162.[7] In CT Page 210-AA this case, however, the defendant has not demonstrated that this section requires such allegations to be set forth, as a condition of the valid presentation of a paternity petition by the state in lieu of the child's biological mother.
It is well established "that stautes [sic] providing for parental support and maintenance of minor children are to be broadly construed. See Guille v. Guille, 196 Conn. 260, 266,492 A.2d 175 (1985); Faraday v. Dube, 175 Conn. 438, 443,399 A.2d 1262 (1978)." Jones v. Jones, 199 Conn. 287, 291 (1986). . This rule of statutory construction has been directly applied to allow and approve liberal interpretation of our state's paternity statutes, "so as to carry out the underlying purpose of the legislation and assure that the child is well cared for." Faradayv. Dube, supra, 175 Conn. 443. In view of these principles, §46b-162 must be acknowledged as a mechanism for enabling the state, which has provided financial support for a child, to present the court with its claims that the child's father should make reasonable and responsible contributions to that child's support. The text of the statute does not require the state to affirmatively plead that the child's mother has neglected to bring a paternity petition, or that she has instituted such legal action but has failed to prosecute the matter to final judgment.[8] Therefore, the court cannot conclude that failure to plead in strict accordance with the language of § 46b-162
CT Page 210-BB renders the paternity petition fatally flawed, entitling the defendant to a dismissal of this action.
The court has been asked, as well, to consider the application of § 46b-160 (a) to the pending matter. The defendant has argued that this section's use of the term "verified petition" mandates presentation of an authenticated statement obtained from the mother of the child at issue, and that without such a statement, the paternity petition is fatally defective. Neither party has submitted persuasive legal support for or in opposition to this submission: at oral argument, the defendant conceded that there are no reported decisions which establish the criteria essential to a valid "verified petition." § 46b-160 itself is silent as to the facts that must be asserted in the "verified petition." As noted above, however, the text of § 46b-160 (a) requires that the petition be presented on a form prescribed by the office of the chief court administrator.[9]
The record reflects that the state properly used the form identified as "JD-FM-146 (IV-D) (Rev. 10-93) P.A. 93-187" in bringing the pending paternity action. This form was designed and published by the office of the chief court administrator for use in such matters as that under consideration here. The state has therefore followed the specific protocol for bringing a paternity CT Page 210-CC action as is specified in § 46b-160 (a), and as is contemplated by the corollary statute, § 46b-162. The defendant's argument that the verified petition at issue is incomplete or inappropriate is therefore unfounded and inaccurate.
The propriety of the state's use of the chief court administrator's form is made apparent through a review of the recent history of § 46b-160 (a). P.A. 93-187 had repealed the existing text of § 46b-160, and replaced it with a version of the original statute that contained many modifications. Prior to revision, § 46b-160 had stated that a "verified petition" brought to institute a paternity action shall be in "a form approved by the judges of the superior court." The amended statute newly required that the verified petition "shall be on forms prescribed by the office of the chief court administrator." It is of interest to note that the second volume of the Rules of Practice continues to promote the use of Form 504.6 and 504.7, respectively entitled "Petition for Paternity Proceedings by Mother" and "Petition for Paternity Proceedings by State or Town." These forms elicit allegations concerning the date and place that the child at issue was conceived by a putative father, in addition to those required to be set forth in the form prescribed by the office of the chief court administrator. There is no apparent statutory authority obligating the inclusion of CT Page 210-DD such allegations in a petition for paternity brought pursuant to § 46b-160 (a) or § 46b-162. As specified in the Preface to the second volume of the Rules of Practice "[t]he forms hereinafter are merely illustrative, unless otherwise designated in the rules." (Emphasis added.) Our Rules of Practice contain no provisions directly relating to the content required in a petition brought to commence a paternity proceeding. The use of practice book forms is not mandatory. Killingly v. Wells,18 Conn. App. 508, 512 (1989). See also McQuillan v. Department ofLiquor Control, 216 Conn. 667, 672 (1990). The use of the form prescribed by the office of the chief court administrator is mandatory when pursuing an action for paternity, as directed by § 46b-160 (a), and, by extension, when bringing an action within the provisions of § 46b-162.
In claiming that the paternity petition filed by the state did not contain a proper "verified petition," the defendant insists that only the mother of the child may bring forward a "verified petition" such as that which is the subject of this case. The court notes, however, that § 46b-160 (a) must be read in conjunction with the provisions of § 46b-162, its sister statute. See Hayes v. Smith, 194 Conn. 52, 60 (1984). § 43-162 anticipates cases where the mother of the child at issue will not pursue the paternity action, and it expressly enables the state or a municipality to bring forward the claim in CT Page 210-EE her stead. The "VERIFIED STATEMENT OF FACTS (PATERNITY)" utilized by the state in filing this action alleges that the Bureau of Child Support Enforcement, Department of Social Services, is providing child support services on behalf of Diane Bretemps and Jason Bretemps, thus establishing that the state is "interested" in the support of the child, within the meaning of § 46b-160
and § 46b-162. The petition further alleges that the child on whose behalf child support services are being provided was born out of wedlock a status addressed by both statutes. The petition asserts that it was brought by an authorized representative of the Commissioner of Social Services, based on her best information and belief, in accordance with the privilege to pursue such action established by the language of § 46b-162. Under these circumstances, the court concludes that the verified petition used by the state was in full compliance with §46b-160 and § 46b-162. Accordingly, the defendant's claims a to these issues must fail.
WHEREFORE, the state's Motion to Dismiss Appeal Motion for Sanctions [sic], submitted under date of September 20, 1996, is GRANTED in part, and this court dismisses the defendant's appeal from the order of Magistrate Ginsberg, issued on September 10, 1996. That motion is hereby DENIED insofar as it requests an order of sanctions to be imposed upon the defendant, as the court finds no basis for imposing such sanctions. The defendant's CT Page 210-FF petition for appeal, submitted under date of September 13, 1996, is hereby DENIED. As the defendant's motion to stay has been the subject of prior rulings of this court, there appears no need for farther attention to this issue.
AND WHEREFORE the court remands this matter to the Family Support Magistrate Division of the Superior Court for further proceedings consistent with this opinion and consistent with the underlying paternity petition.
Rubinow, J.