[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #166 DEFENDANT'S APPEAL FROM THE DECISION OF THE FAMILY SUPPORT MAGISTRATE
Presently before this court is the defendant's appeal from the decision of Family Support Magistrate Kochiss-Frankel, rendered in the Waterbury Superior Court on April 20, 1998, wherein the magistrate denied the defendant's motion to open a judgment entered on December 18, 1997, denying the defendant's motion to modify child support. The issue in this case is whether the April 20, 1998 decision of Magistrate Kochiss-Frankel denying the defendant's motion to "reargue" was clearly erroneous.
The court finds the following facts pertinent to the present appeal. On December 18, 1997, Magistrate Kochiss-Frankel entered an order for a capias against the defendant, Cherie Rinaldi, reinstated the orders of support in the amount of $75 per week for current support, entered an order for payment toward an arrearage balance of $11,213.03 in the amount of $15 per week and denied the defendant's motion to modify child support. The defendant was not present in court on the day the motion for modification of child support was denied, allegedly due to a misunderstanding as to the necessity of her presence, nor was her attorney present for reasons still unclear to this court. (Transcript of December 18, 1997 hearing pp. 1-6.)
On April 9, 1998, the defendant filed a motion to "reopen" the judgment of the magistrate. Oral argument on the motion was CT Page 867 heard on April 20, 1998 at which time counsel for the plaintiff raised the issue that the motion to open was defective on its face. According to the plaintiff's argument, the motion to open, as it is properly entitled, should have been brought pursuant to Practice Book § 17-43 (formerly § 377). Counsel for the defendant argued that the form of the judgment was confusing and he was not sure whether to file the motion to open pursuant to Practice Book § 17-43 (formerly § 377), or Practice Book § 17-4 (formerly § 326). Counsel chose to file under Practice Book § 17-4 arguing that he could not be sure as to whether the magistrate's order was in the form of a default for failure to appear or simply a denial of the motion to modify child support, the reinstatement of existing support orders and the entering of an order on the existing arrearage. Having reviewed the transcripts of both the December 18, 1997 and April 20, 1998 hearings before Magistrate Kochiss-Frankel, this court finds the orders were not entered upon default and that the motion to open the judgment was timely filed and in accordance with the procedure set forth in Practice Book §17-4. Thus, for the reasons set forth below, this court reverses the decision of Magistrate Kochiss-Frankel on the motion to open the judgment and remands the case to the magistrate for a hearing on the motion to modify.
General Statutes § 46b-231(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." The court will first determine whether the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken.
The test for determining whether a claimant is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Newman v. Newman,235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that the defendant is aggrieved for the purposes of this appeal because the magistrate's decision denying the opening of the judgment rendered on December 18, 1997 injuriously affected the defendant's interest.
Furthermore, the court finds that the decision of the magistrate constitutes a final judgment for the purposes of CT Page 868 appeal. "The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court." (Internal quotation marks omitted.) Dacey v. CHRO,41 Conn. App. 1, 4, 673 A.2d 1177 (1996). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." State v. Curcio, 191 Conn. 27, 31, 463 A.2d 566 (1983). In the present case, the motion to modify child support and a motion to "reargue" that decision was denied. Such a decision is final under the terms of State v. Curcio, supra, 31.
"A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Raines v. Freedomof Information Commission, 221 Conn. 482, 489, 604 A.2d 819
(1992). The court finds that the appeal was files in a timely manner, within fourteen days of the decision being appealed. See General Statutes § 46b-231(n)(2). Furthermore, counsel certified that service of the appeal upon the pro se party and the office of the Attorney General was made in accordance with General Statutes § 46b-231(n)(2) by certified mail. Transcripts were filed along with the magistrate's decision and a memorandum of law was submitted by counsel for the defendant. The court also heard argument on this matter at which time Michael Rinaldi was present but not represented by counsel due to his inability to finance representation.
General Statutes § 46b-231(n)(7) provides that the Superior Court may affirm the decision of the family support magistrate, remand it for further proceedings, or reverse or modify the decision. The Superior Court may reverse or modify a decision if "substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In the present case, the magistrate heard argument on the defendant's motion to open the December 18, 1997 judgment denying the defendant's motion to modify child support and found CT Page 869 that the motion was defective on its face. As stated above, the plaintiff argued that the motion to open, as it is properly entitled, should have been brought pursuant to Practice Book § 17-43. Counsel for the defendant, on the other hand, argued that the form of the magistrate's judgment was confusing and he was not sure whether to file the motion to open pursuant to Practice Book § 17-43 or Practice Book § 17-4. Counsel chose to file under Practice Book § 17-4 arguing that he could not be sure as to whether the magistrate's order was in the form of a default for failure to appear or simply a denial of the motion to modify child support, the reinstatement of existing support orders and the entering of an order on the existing arrearage.
Practice Book § 17-43(a) provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion." (Emphasis added.)
Practice Book § 17-4 provides: "(a) Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court. (b) Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the CT Page 870 clerk the filing fee prescribed by statute unless such fee has been waived by the judicial authority."
Magistrate Kochiss-Frankel found that pursuant to Practice Book § "17-43 opening judgment upon default or non-suit, such written motion shall be verified by oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claims of defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. The Court finds that the motion to reopen is defective on its face and denies the motion." (Transcript of April 20, 1998 hearing.) Apparently, the court in entering the orders of December 18, 1997 did so upon default for failure to appear. That rationale, however, is not current on the face of the December 18, 1997 transcript, and the court records fail to indicate that a default judgment entered. Thus, this court agrees with the defendant and finds that Practice Book § 17-4 was the appropriate section under which to file the motion to open the judgment.
In conclusion, this court reverses the April 20, 1998 decision of the magistrate wherein the motion to open was denied and remands the case to the magistrate for a hearing on the defendant's motion to modify.
KENEFICK, J.