[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONS
The defendant David Wilcox has filed a Motion to Reopen and/or Reargue this court's decision of May 1, 2000 dismissing the defendant's appeal of Family Support Magistrate Alvord's August 19, 1999 decision. Family Support Magistrate Alvord stayed enforcement of the wage withholding against the defendant to allow the defendant an opportunity to contest a default judgment of paternity rendered in Maine because Connecticut lacks jurisdiction to modify an out-of-state judgment of paternity. Family Support Magistrate Alvord left in force the remainder of the order. The defendant appealed the decision to the Superior Court on the grounds that Family Support Magistrate Alvord erred in (a) refusing to hear the defendant's collateral attack on the enforcement of the Maine judgment. (b) refusing the defendant a blood test in Connecticut, (c) refusing to reduce the amount of child support enforceable in Connecticut, (d) refusing to stay wage execution pending a paternity test and (e) granting only a stay of enforcement of the wage withholding order, thus forcing the defendant to seek modification of the paternity judgment in Maine. This court, Kenefick, J., dismissed the appeal on the ground that the court lacked jurisdiction because the defendant had not proved aggrievement and the decision of the family support magistrate was not a final judgment.
The defendant has attached evidence of his aggrievement to his motion to open. Connecticut has made efforts to enforce the Maine judgment. (See brief in support of motion, exhibits 1-9.) As a result of a lien placed on the defendant's property by Connecticut's Bureau of Child Support Enforcement, he was unable to secure credit from Sovereign Bank. (See CT Page 8461 id., exhibits 7 and 10.) This court concludes that the defendant is aggrieved by the magistrate's decision because the defendant's "personal and legal interest in the subject matter of the decision . . . has been specially and injuriously affected by the decision." Newman v. Newman,235 Conn. 82, 103, 663 A.2d 980 (1995). This court had previously concluded that the defendant was not aggrieved because he failed to provide the court with the evidence presented in his motion to open.
The defendant argues that the magistrate's decision to docket the Maine judgment except as to wage withholding constitutes a final judgment for the purposes of his appeal. The defendant attaches documents demonstrating that collection efforts have been made against the defendant and that a lien has been placed on the defendant's property. In addition, the defendant produces correspondence from Maine's assistant attorney general indicating that the paternity judgment cannot be opened. The defendant argues that the collection efforts of Connecticut's support enforcement division, including its placement of the lien on the defendant's property, evidence the finality of the judgment.
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Office of Consumer Counsel v. Dept.of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995). "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under [General Statutes § 46b-231]." General Statutes § 46b-231 (n)(1). "An interlocutory order is a final judgment for purposes of appeal (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) Wann v. Lemieux, 36 Conn. App. 138, 140, 648 A.2d 889 (1994); see also Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co.,249 Conn. 36, 46, 730 A.2d 51 (1999) (construing finality requirement of General Statutes § 52-263).
When Family Support Magistrate Alvord rendered her decision on August 19, 1999, the following exchange took place:
"MR. LEWIS [counsel for the defendant]: Well, I understand Your Honor to mean, I'll send my client back to see if he can reopen the default judgment and get a blood test [in Maine], and you'll stay this pending our doing that? And then if —
"THE COURT: Yes, we'll give you a couple of months to — to get some progress on that, yes. CT Page 8462
"MR. LEWIS: All right. And you'll stay the wage execution pending that?
"THE COURT: I assume I have the jurisdiction to do that.
"MS. GOODRICH [representing the support enforcement division]: Yes.
"THE COURT: Okay, so we'll certainly do that.
"MR. CREAN [Assistant Attorney General]: [J]ust for clarification for our purposes. You're just staying the execution of the wage —
"THE COURT: of the wage —
"MR. CREAN: — garnishment, the —
"THE COURT: — we're doing nothing else, right.
"MS. GOODRICH: Not the order.
"MR. CREAN: — the order's still running, still accruing and all that stuff, okay.
"THE COURT: Okay?"
(Transcript of Magistrate Hearing, pp. 20-21.) Family Support Magistrate Alvord then set a date of December 9, 1999 for defense counsel to return to her court, to which counsel replied, "That would be plenty [of time]. . . . I'll agree to report to the Court on that date . . ." (Id., p. 22.) Instead of reporting back to the magistrate court, however, the defendant filed this appeal on September 1, 1999. Regardless of the measures taken to execute the portions of the Maine judgment that were not stayed, the decision of Family Support Magistrate Alvord was not a final decision. The defendant filed his appeal before even hearing from the Maine assistant attorney general about whether he could move to open the paternity judgment in Maine. He at no time filed a motion to open the paternity judgment in Maine.
Family Support Magistrate Alvord's decision was not, by its own terms, a final decision. The magistrate indicated that the defendant was to return for further proceedings after attempting to open the paternity judgment in Maine. Viewing the order as interlocutory,[1] the decision did not "[terminate] a separate and distinct proceeding." Wann v.Lemieux, supra, 36 Conn. App. 140. The decision also failed to "so [conclude] the rights of the parties that further proceedings cannot affect them"; id.; because the magistrate expressly required the defendant to return for further consideration of his claims after he CT Page 8463 attempted to open the paternity judgment in Maine which he has failed to do. Further proceedings before the magistrate could affect the parties' rights. The magistrate's decision was, therefore; neither a final decision nor an appealable interlocutory order.
Defendant's Motion #110 to Reopen and/or Reargue Judgment of Dismissal is denied.
Kenefick, J.