[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Commissioner of Social Services commenced this paternity action pursuant to General Statutes § 46b-162. The named plaintiff Janis Young is the mother of three minor children: Quinn Jordan Red, born January 4, 1992; Javan Quinten Red, born May 4, 1994; and Alleah Chanelle Red, born December 10, 1995. The complaint alleges that the defendant is the father of the three minor children and that the State has an interest because the children are "receiving child support services." The petition includes a "verified statement of facts" signed by one Kimberly Williams, an investigator of the Department of Social Services. The defendant has moved to dismiss the complaint claiming that this court lacks subject matter jurisdiction. The defendant's amended motion is accompanied by a memorandum of law. The State filed an "objection" which sufficiently sets forth its legal argument so as to comply with Practice Book § 25-13 which requires that an "adverse party who objects" to the motion to dismiss to file a memorandum of law and where appropriate, supporting affidavits.[1]
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989); Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). CT Page 12677
"A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record. Bradley's Appeal from Probate,19 Conn. App. 456, 461-62, 563 A.2d 1358 (1989); see Practice Book § 142 [now § 10-30]. A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565,570-71, 616 A.2d 1152 (1992), [rev'd on other ground, 228 Conn. 358,636 A.2d 786 (1994)]; nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993); see Practice Book § 143 [now § 10-31]. Motions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips,23 Conn. App. 258, 265, 580 A.2d 67 (1990); see Practice Book § 143 [now § 10-31] (Internal quotation marks omitted); Discover Leasing,Inc. v. Murphy, 33 Conn. App. 303, 306-307, 635 A.2d 843 (1993)."Villager Pond, Inc. v. Town of Darien, 54 Conn. App. 178, 182,734 A.2d 1031 (1999); see also Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991)
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Mahoney v. Lensink, 213 Conn. 548,567, 569 A.2d 518 (1990)." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998); see Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1998); Bretemps v. Strona, 19 Conn.L.Rptr. 9,1997 Ct. Sup. 210-J, 210-P (1997).
The defendant first argues that the petition should be dismissed because the petition was not commenced by "verified petition of the mother or expectant mother" as required by General Statutes §46b-160(a). This petition was brought by the Commissioner of Social Services. The verification (verified statement of facts) was signed by the investigator rather than the mother. There is no evidence or even an allegation that the investigator's statements were from first-hand knowledge but merely on "best information and belief'.
The State responds that the action is not based on General Statutes § 46b-160 but rather relies on General Statutes § 46b-162. That section[2] not only authorizes the State to "take up and pursue any petition commenced by the mother" but also to "institute such proceedings against the person accused of begetting the child." Furthermore, the "petition may be made by the Commissioner of Social Services or the town welfare administrator on information or belief." In Bretemps v. Strona,19 Conn.L.Rptr. 9, 1997 Ct. Sup. 210-J (1997) the Superior Court affirmed the denial of a motion to dismiss by the Family Support CT Page 12678 Magistrate based in part on the same grounds as the present motion. As to the authority of the State to commence the action and the language required in its petition, the court held: "[General Statutes] § 46b-162
must be acknowledged as a mechanism for enabling the state . . . to present the court with its claims that the child's father should make reasonable and responsible contributions to that child's support. The text of the statute does not require the state to affirmatively plead that the child's mother has neglected to bring a paternity petition, or that she has instituted such legal action but has failed to prosecute the matter to final judgment. Therefore, the court cannot conclude that failure to plead in strict accordance with the language of § 46b-162
renders the paternity petition fatally flawed, entitling the defendant to a dismissal of this action." Bretemps v. Strona, 19 Conn.L.Rptr. 9,1997 Ct. Sup. 210-J, 210-P, 210-AA (1997).
That court also considered claims that the verified statement was deficient. The court first engaged in a discussion of whether the supposed approval of the form by the office of the chief court administrator sanctified the content. This court does not find that analysis useful. What is significant was that court's conclusion that neither § 46b-160 nor § 46b-162 specifies any particular allegations that must be made in the verified statement nor that only the mother of the child may execute such statement. Furthermore, the court held that a verified statement may be submitted by an authorized representative of the Commissioner of Social Services based on her best information and belief. Bretemps v. Strona, 19 Conn.L.Rptr. 9,1997 Ct. Sup. 210-J, 210-DD-EE (1997). While this does not establish the veracity or reliability of such statement, it is sufficient to overcome any jurisdictional attack.
Next, the defendant complains that the petition does not adequately identify the mother or the children. These deficiencies do not go to the jurisdiction and would properly be addressed by a request to revise.
The defendant also faults the papers served because of the failure to serve on him an answer form and application for appointment of counsel, as required by General Statutes § 46b-160(d) and notice of right to counsel, notice of the right to a genetic test, notice that a default judgment may enter if he fails to respond to the petition and notice that he would be obliged to financially support the child if found to be the father, all as provided in General Statutes § 46b-160(e). The State responds that the requirements listed apply only to a defendant residing outside of the State of Connecticut.
Public Act No. 93-329 added subsections (c) to (g) to the statute which have been subsequently further amended. The amendment was concerned with CT Page 12679 jurisdiction over nonresident putative fathers. All of these subsections amplify General Statutes § 46b-160(b) which again relates only to putative fathers residing out of state or absent from the state.[3]
These requirements to not apply to the defendant in this case, who is alleged to be a resident of the Town of Bloomfield at the address where abode service was made.
Accordingly, the motion to dismiss is denied.[4]
BY THE COURT
Harris T. LIFSHITZ Family Support Magistrate