# FRANCES HARVEY *v.* DAVID WILCOX
## (AC 21022)

Lavery, C. J., and Schaller and Flynn, Js.

Argued June 1—officially released November 20, 2001

*F. Woodward Lewis, Jr.,* for the appellant (defendant).

*Stephen J. McGovern,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Donald M. Longley,* assistant attorney general, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, David Wilcox, appeals from the judgment of the trial court dismissing for lack of a final judgment his appeal from the order of a family support magistrate. In that order, the magistrate ordered the garnishment of the defendant's wages, but stayed the enforcement of that order to afford the defendant the opportunity to contest a default judgment of paternity that had been rendered against him in Maine. We affirm the trial court's judgment of dismissal.

The following facts, as alleged in the defendant's motion for a stay of wage execution and subsequent proceedings thereon, are relevant to our resolution of the defendant's appeal. On April 29, 1999, the Maine court in *Dept. of Human Services* v. *Wilcox,* District Court, Docket No. NEW-96-FM-22 (April 29, 1999), ordered the defendant, by default judgment, to pay retroactive child support, having found on January 15, 1997, that the defendant was the father of the minor child of the plaintiff, Frances Harvey. The defendant alleged that he never received notice of the plaintiff's claim that he was the child's father. The District Court assessed a child support arrearage in excess of $71,000 and ordered the defendant to pay $181 per week in child support. On May 25, 1999, the plaintiff registered the Maine support order with the state of Connecticut pursuant to the Uniform Interstate Family Support Act,

General Statutes § 46b-212 et seq. On June 21, 1999, the defendant filed notice to contest the validity of the order pursuant to General Statutes § 46b-213*l* (c).

At an August 19, 1999 hearing before the family support magistrate, the defendant was ordered to pay $181 per week as child support in accordance with the Maine support order. The defendant sought to attack collaterally the validity of the Maine court order, claiming that paternity had not been established. The magistrate denied him the defense of nonpaternity pursuant to General Statutes § 46b-213.[1] The magistrate, however, stayed the proceedings to give the defendant the opportunity to open the paternity judgment in Maine and to argue nonpaternity as a defense before the Maine court.[2]

[1] General Statutes § 46b-213 provides: "A party whose paternity of a child has been previously determined by or pursuant to law may not plead nonpaternity as a defense to a proceeding under sections 46b-212 to 46b-213v, inclusive."

[2] The following colloquy occurred in the proceeding before the family support magistrate:

"[Defendant's Counsel]: Well, I understand Your Honor to mean, I'll send my client back to see if he can reopen the default judgment and get a blood test [in Maine], and you'll stay this pending our doing that? And then if—

"The Court: Yes, we'll give you a couple of months to—to get some progress on that, yes.

"[Defendant's Counsel]: All right. And you'll stay the wage execution pending that?

"The Court: I assume I have the jurisdiction to do that.

"[Counsel for support enforcement division of Superior Court]: Yes.

"The Court: Okay, so we'll certainly do that.

"[Assistant Attorney General]: Yes, Your Honor, just for clarification for our purposes. You're just staying the execution of the wage—

"The Court: Of the wage—

"[Assistant Attorney General]:—garnishment, the—

"The Court:—we're doing nothing else, right.

"[Counsel for support enforcement division of Superior Court]: Not the order.

"[Assistant Attorney General]:—the order's still running, still accruing and all that stuff, okay.

"The Court: Okay? So did you have a date in mind . . . that will give you sufficient time . . . ."

The magistrate set a date of December 9, 1999, for the defendant's counsel

The magistrate further ordered an execution of a wage garnishment against the defendant. The order was stayed, however, so that the defendant could move to open the underlying paternity judgment in Maine.

Rather than contesting the validity of the Maine judgment, the defendant appealed from the magistrate's decision to the Superior Court pursuant to General Statutes § 46b-231 (n).[3] In a judgment dated May 1, 2000, the court dismissed the appeal, holding that "[e]ven if the defendant were aggrieved and the magistrate's decision was a final judgment, the magistrate's decision would be affirmed because the magistrate court properly concluded that it lacked jurisdiction over the issue of paternity."

The defendant filed a motion to open or to reargue the judgment of dismissal, claiming that the state had continued its collection efforts by placing a lien on his house and that authorities in the state of Maine denied his request for a blood test to disprove paternity. The court concluded that the lien satisfied the requirement that the defendant be aggrieved, but the magistrate's decision was not a final judgment because "[t]he magistrate indicated that the defendant was to return for further proceedings after attempting to open the paternity judgment in Maine" and because "[f]urther proceedings before the magistrate could affect the parties' rights." The defendant now appeals from the judgment of the court dismissing his appeal.

The defendant argues that the magistrate's decision to continue proceedings on the defendant's objection to the docketing of the Maine judgment constitutes a

to return to her court, to which counsel replied, "That would be plenty [of time]. . . . I'll agree to report to the court on that date . . . ."

[3] General Statutes § 46b-231 (n) (1) provides: "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section."

final judgment for purposes of his appeal to the Superior Court. It is axiomatic that appellate jurisdiction is limited to final judgments. General Statutes § 52-263;[4] *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 447, 645 A.2d 978 (1994). That restriction on our appellate jurisdiction involves a policy "to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level." (Internal quotation marks omitted.) *Cardona* v. *Negron*, 53 Conn. App. 152, 156, 728 A.2d 1150 (1999). There certainly are gray areas between those orders that are unquestionably final and those that must await the resolution of further proceedings before they can be challenged on appeal. To determine whether a seemingly interlocutory order of a family support magistrate is nonetheless final for purposes of appeal to the Superior Court, this court applies the finality test of *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). *Cardona* v. *Negron*, supra, 156. Under *Curcio*, an otherwise interlocutory order is immediately appealable where it (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, supra, 31. Applying the test set forth in *Curcio*, we conclude that the court properly found that the order of the family magistrate was not a final judgment.

The magistrate's order did not terminate the proceeding. The magistrate acknowledged that nonpaternity is not available as a defense in proceedings involving the registration of interstate support orders; see General Statutes § 46b-213;[5] and thus *continued* the matter to

[4] General Statutes § 52-263 provides in relevant part: "[I]f either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . ."

[5] See footnote 1.

allow the defendant to contest the order in the originating state, where the restriction conceivably would not be an issue. Because a matter by definition cannot be simultaneously continued and concluded, it is dubious that a continuance would constitute a final judgment. See Black's Law Dictionary (6th Ed. 1990) (defining "continuance" as "[t]he adjournment or postponement of a session, hearing, trial, or other proceeding to a subsequent day or time"). The order also did not so conclude the rights of the parties such that further proceedings could not affect them. By allowing the defendant to attack the Maine judgment, the magistrate accorded the defendant leave to pursue legal proceedings that potentially could vacate the judgment that provided the predicate for proceedings in Connecticut.

This court addressed a similar claim in *Wann* v. *Lemieux*, 36 Conn. App. 138, 648 A.2d 889 (1994). In *Wann*, we concluded that "[t]he Superior Court order setting aside the nonsuit, finding that . . . evidence should have been admitted and remanding the matter to the magistrate for further proceedings in the paternity and support matter, did not terminate a separate and distinct proceeding, nor did it conclude the rights of the parties so that further proceedings cannot affect them. . . .

"The underlying paternity action is still pending, there has been no adjudication of paternity, and further proceedings before the magistrate could affect the rights of the parties. The Superior Court's order has the practical effect of opening the paternity action and continuing that proceeding. The court ordered the magistrate to admit . . . evidence, but it did not dictate the outcome of the paternity and support action itself. The Superior Court decision does not satisfy either prong of the *Curcio* test." (Citation omitted.) Id., 141.

As in *Wann*, the magistrate's decision, by its own terms, stayed the wage execution order to afford the

defendant time to contest the validity of the support order in the state of Maine, and thus constitutes an interlocutory order. If the defendant successfully attacks the Maine judgment, the outcome of the Connecticut proceeding has not been determined. That leads us to conclude, as the court concluded in a similar factual scenario in *Wann*, that the defendant has failed to satisfy either part of the test under *Curcio* and that the stay order is not a final judgment.

The judgment is affirmed.

In this opinion the other judges concurred.