******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL SHEAR *v.* YUPAPORN SHEAR
(AC 40830)

DiPentima, C. J., and Elgo and Sullivan, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the judgment of the trial court affirming in part an order of a family support magistrate with respect to his motion for modification of his child support obligation and remanding the case for further proceedings. *Held* that the plaintiff's appeal from the order of the family support magistrate was not taken from a final judgment, which is a threshold requirement to appeal the order to the Superior Court, and, therefore, the trial court should have dismissed the appeal for lack of subject matter jurisdiction, rather than resolving it on the merits; the family support magistrate did not fully dispose of the plaintiff's motion for modification, as he addressed only the first claim set forth in the motion and remanded the second claim pertaining to a certain stipulation between the parties to the family support magistrate for further proceedings, and, as evinced by certain additional proceedings before another family support magistrate and a resulting appeal to the Superior Court, the magistrate's order neither terminated a separate and distinct proceeding nor concluded the rights of the parties so that further proceedings could not affect them.

Argued May 16—officially released November 19, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Carbonneau, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the family support magistrate, *Michael L. Ferguson*, approved a certain stipulation of the parties; subsequently, the family support magistrate, *Jed N. Schulman*, issued a certain order related to a motion for modification of child support filed by the plaintiff; thereafter, the plaintiff appealed to the court, *Hon. Gerard I. Adelman*, judge trial referee; judgment affirming in part the order of the family support magistrate and remanding the matter for further proceedings, from which the plaintiff appealed to this court. *Reversed*; *judgment directed.*

*Tad J. Bistor*, for the appellant (plaintiff).

*Julé A. Crawford*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Daniel Shear, appeals from the judgment rendered by the Superior Court affirming in part an order of a family support magistrate[1] regarding his postdissolution motion for modification and remanding the case for further proceedings. On appeal, the plaintiff claims that (1) the Superior Court applied an improper standard of review in the appeal from the family support magistrate's order and (2) the family support magistrate improperly failed to credit and refund money to the plaintiff for lump sum and monthly social security disability benefits paid to the defendant, Yupaporn Shear,[2] in excess of the postdissolution financial orders. We conclude that the plaintiff's appeal from the order of the family support magistrate was not taken from a final judgment. Accordingly, we reverse the judgment and remand the case to the Superior Court with direction to dismiss the plaintiff's appeal.

A detailed review of the facts and procedural history is necessary for our resolution of this appeal. On October 6, 2011, the plaintiff commenced the present action, seeking a dissolution of the parties' marriage and sole custody of their minor child. On November 29, 2012, the court, *Carbonneau, J.*, rendered a judgment dissolving the marriage. The court incorporated the terms of the parties' written separation agreement into the judgment. That agreement provided that the parties would have joint custody of the minor child, with her primary residence with the defendant. The plaintiff agreed to pay $71 per week in child support and $4 per week toward an existing arrearage. The parties also agreed to share the work-related day care costs, with the plaintiff paying 42 percent and the defendant paying 58 percent. Neither party was to receive alimony.

On December 27, 2016, the defendant filed a motion for modification and sought to reduce his child support and day care obligations. He alleged that a disability determination by the Social Security Administration constituted a substantial change in circumstances. He also claimed that the orders pertaining to his child support and day care obligations substantially exceeded the "guidelines amount" based on his present income and earning capacity.

On January 5, 2017, the defendant was served with the plaintiff's motion for modification.[3] On January 18, 2017, two days before the scheduled hearing on the plaintiff's motion, the defendant's counsel filed a motion for a continuance until February 3, 2017. The plaintiff's counsel did not consent and filed an objection.

On January 20, 2017, the parties executed a stipulation that provided: (1) the defendant's counsel was unable to appear in court due to a previously scheduled

matter; (2) support enforcement services received $307.70 on January 3, 2017, from an income withholding lodged with the Social Security Administration, which resulted in a deduction from the plaintiff's January, 2017 disability payment; (3) the plaintiff had received notice that the Social Security Administration deducted $4982.20 from his benefits to pay his child support and that this "substantially exceeds" the $3054.52 arrearage owed to the plaintiff and the state; (4) the minor child was entitled to a monthly dependent benefit and a retroactive lump sum dependent benefit from the Social Security Administration and the amount of these benefits would not be known until the defendant completed, and the Social Security Administration processed, an application; and (5) the parties wanted to protect their respective positions and to prevent overpayment of child support and the arrearage until a hearing was held on the plaintiff's motion for modification. The parties, therefore, agreed (1) to continue the hearing on the motion for modification until February 3, 2017, and (2) that support enforcement services would suspend the disbursement of any income withholdings received from the Social Security Administration until that date. The family support magistrate, *Michael L. Ferguson*, approved the stipulation, which had been filed in court by the plaintiff's counsel.

On March 9, 2017,[4] the family support magistrate, *Jed N. Schulman*, held a hearing on the plaintiff's motion for modification. At the outset, the parties stipulated that the plaintiff had been determined by the Social Security Administration to be disabled effective June 1, 2014, and that his disability payment was $878 per month or $203 per week. They also agreed that the minor child's benefit was $171 per month or $40.38 per week. After further discussion, Magistrate Schulman accepted the stipulations.

Next, Magistrate Schulman addressed the issue of whether the amount paid to the defendant from the social security lump sum disbursement exceeded the amount owed by the plaintiff. He then stated: "So, I'd have to look at certain things between June 1, 2014, [the date of the plaintiff's disability determination] and January 5, 2017 [the date the defendant was served with the motion for modification]. And I do want to make it clear to counsel that the case law is clear that the retro[active]—if you want to call it retro[active]—that the lump sum payment by [the] Social Security [Administration] for the benefit of the child is a gratuity essentially, and if it's—it's provided for so you don't get credit for that and you don't get reimbursement on that." The defendant's counsel agreed with Magistrate Schulman; the plaintiff's counsel, however, did not. Specifically, the plaintiff's counsel argued that if the plaintiff had received disability payments starting on June 1, 2014, he would have been entitled to a credit for the entire amount of the lump sum paid on behalf of the minor

child by the Social Security Administration. Magistrate Schulman rejected the interpretation of the case law offered by the plaintiff's counsel, stating: "[B]ut I have to say that the lump sum payment from [the] Social Security [Administration] is not refundable to your client, nor should it be."

At the conclusion of the discussion regarding the overpayment issue, the plaintiff's counsel raised the matter of the January 20, 2017 stipulation. The plaintiff's counsel argued that the plaintiff was entitled to a refund of $1188.30 because support enforcement services had paid that sum of money to the defendant, despite the terms of the stipulation to withhold any disbursement until the hearing. In response, Magistrate Schulman remarked: "I—I—first of all, I'd have to see the figures as we outline here and see what happened from January 5. I'm not sure if anything would be returned to [the plaintiff] because if there's something being held. And first of all, I don't think support enforcement [services] was a signatory to this stipulation anyway. So . . . administratively, I can't micromanage, and if this happened and everything happens to be paid off, then wonderful . . . ." Aside from this brief comment, Magistrate Schulman did not conclusively address the stipulation issue.

After further discussion of the issues and argument from the parties, Magistrate Schulman issued his findings. The plaintiff's weekly child support obligation was reduced to zero, after accounting for the minor child's social security dependency benefit paid to the defendant as representative payee. Magistrate Schulman further determined that any excess from the Social Security Administration disability benefits paid to the defendant constituted a gratuity and was not refundable to the plaintiff.

On March 23, 2017, the plaintiff moved for reconsideration of the March 9, 2017 order. Specifically, the plaintiff requested Magistrate Schulman to "allow him credit for lump sum and monthly social security dependency benefits paid to the [d]efendant for the parties' minor child for the period in which the [p]laintiff was entitled to social security benefits. In addition, the [p]laintiff also respectfully moves the [family support magistrate] to reconsider the arrears in light of the parties' [s]tipulation, dated January 20, 2017, approved and made an order of the [family support magistrate] on that date, such that any . . . overpayment to the [d]efendant as a result . . . be ordered refunded to the [p]laintiff." Magistrate Schulman denied the motion for reconsideration on April 10, 2017.

On April 24, 2017, the plaintiff filed an appeal from Magistrate Schulman's March 9, 2017 order to the Superior Court.[5] Specifically, he claimed that Magistrate Schulman improperly denied him credit for the lump sum and monthly social security dependency benefits

paid to the defendant and failed to take into account the parties' January 20, 2017 stipulation in calculating his child support arrearage. As a result, the plaintiff argued that he was entitled to a refund from the defendant. On July 10, 2017, the court, *Hon. Gerard I. Adelman*, judge trial referee, held a hearing on the plaintiff's appeal.

At that proceeding, the plaintiff's counsel presented two issues. First, he argued that during the time period of June 1, 2014 to January 5, 2017, the plaintiff's child support obligation was $71 per week. As a result of the disability determination, retroactively effective on June 1, 2014, $38.16 would be paid by the Social Security Administration and $32.84 by the plaintiff. However, because the plaintiff solely had been responsible for the $71 per week for that time period, he was entitled to a refund from the lump sum social security disability for the $38.16 per week over the approximately thirty-one month time period. The plaintiff's counsel asserted that the plaintiff had overpaid the defendant $6240.95. Second, the plaintiff's counsel contended that, despite the January 20, 2017 stipulation, support enforcement services disbursed the money received from the Social Security Administration before the parties' court appearance, and this resulted in an erroneous payment to the defendant in the amount of $1348.

On July 20, 2017, Judge Adelman issued a memorandum of decision. The court concluded that Magistrate Schulman had not abused his discretion with respect to the first issue raised by the plaintiff. With respect to the stipulation issue, the court initially noted that the parties had not presented any evidence. It then stated: "The orders entered at the end of that heading do not reference the stipulation issue directly. As the stipulation was accepted by the [family support magistrate] and made [an] order, the unresolved issues involving said order must be addressed properly in a hearing so that all sides might have an opportunity to be heard." The court affirmed Magistrate Schulman's March 9, 2017 order "regarding the plaintiff's motion [for modification] and as to the denial of the plaintiff's claims for a refund of any overpayment of funds paid prior to January 20, 2017 . . . ." As to the second issue, the court ordered that "[t]he case [be] remanded to [Magistrate Schulman] only for a determination of the plaintiff's claim for a reimbursement of funds pursuant to the stipulation of the parties and the order of the court dated January 20, 2017." Following the denial of the plaintiff's motion to reargue, this appeal followed.

On appeal, the plaintiff claims that Judge Adelman applied an improper standard of review in considering the plaintiff's appeal from Magistrate Schulman's order and that Magistrate Shulman erred in not awarding the plaintiff a retroactive credit and a refund of $6420.95. On July 31, 2019, following oral argument, we ordered

the parties to file simultaneous supplemental briefs addressing the following questions: "1. Whether the March 9, 2017 decision of the family support magistrate constituted a final judgment for purposes of appeal to the Superior Court where the family support magistrate had failed to consider one of the plaintiff's claims? 2. If the family support magistrate decision appealed to the Superior Court was not a final judgment, should the Superior Court have dismissed the plaintiff's appeal?" The parties filed their supplemental briefs on September 16, 2019.

We begin with the threshold question of whether the appeal to the Superior Court of Magistrate Shulman's order was taken from a final judgment.[6] Our Supreme Court has stated that "[t]he lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary. . . . The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . In some instances, however, it is unclear whether an order is an appealable final judgment. In the gray area between judgments which are undoubtedly final and others that are clearly interlocutory . . . [our Supreme Court] has adopted the following test, applicable to both criminal and civil proceedings: An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)." (Citations omitted; internal quotation marks omitted.) *Khan* v. *Hillyer*, 306 Conn. 205, 209–10, 49 A.3d 996 (2012); see also *Johnson* v. *Clark*, 113 Conn. App. 611, 616–18, 967 A.2d 1222 (2009).

The final judgment requirement applies to appeals from the decision of a family support magistrate to the Superior Court. For example, in *Johnson* v. *Clark*, supra, 113 Conn. App. 613, the parties were the unmarried parents of two children. A family support magistrate had ordered the defendant father to pay child support. Id. As a result of his noncompliance over a period of several years, the plaintiff mother filed numerous contempt motions. Id. The total arrearage approached $18,000. Id. On May 9, 2007, the family support magistrate found the father to be in contempt and ordered a purge amount of $900, and that he make weekly payments. Id., 613–14. The family support magistrate further ordered the father to return to court on

June 20, 2007, if he satisfied the purge amount, as well as on May 16, 2007. Id., 614. At the May 16, 2007 proceeding, the father requested that he be excused from returning to court on June 20, 2007, because he had paid the purge amount. Id. The family support magistrate denied this request and "ordered the [father] to return on June 20, 2007, to review [his] compliance with his weekly payments, with the proviso that the [father] could be excused by support enforcement services if he was in compliance." Id., 615.

The father appealed from the denial of his request to not be required to appear in court on June 20, 2007. Id. The Superior Court resolved the appeal on its merits. Id., 615–16. This court, applying the *Curcio* test, subsequently determined that the family support magistrate's order was interlocutory in nature. Id., 618–21. We further concluded that the family support magistrate's ruling was not an appealable final judgment, and, therefore, the Superior Court should have dismissed the appeal for lack of subject matter jurisdiction. Id., 621.

In *Harvey* v. *Wilcox*, 67 Conn. App. 1, 2, 786 A.2d 533 (2001), the issue before the Appellate Court was whether the Superior Court properly had dismissed the appeal of the defendant father from an order of a family support magistrate due to the lack of a final judgment. In that case, a Maine court, after rendering a default judgment finding him to be the father of the plaintiff mother's minor child, ordered the father to pay retroactive child support in the amount of $181 per week. Id. The father claimed that he never had received notice of the mother's claim that he was the child's father. Id. The mother registered the Maine court order with the state of Connecticut pursuant to the Uniform Interstate Family Support Act, General Statutes § 46b-212 et seq. *Harvey* v. *Wilcox*, supra, 67 Conn. App. 2–3.

The family support magistrate ordered the father to pay the child support of $181 per week in accordance with the Maine order, rejecting his attempt to collaterally attack its validity by way of a defense of nonpaternity. Id., 3. The family support magistrate stayed the child support order to afford the father the opportunity to open the Maine paternity judgment. Id., 4. The father, however, declined to do so and, instead, appealed to the Superior Court, which dismissed the appeal. Id. We affirmed the judgment of the Superior Court, noting that the "stay order" of the family support magistrate did not constitute a final judgment. Id., 7.

*Johnson* and *Harvey* clearly establish that a final judgment is a threshold requirement to appeal a family support magistrate's order to the Superior Court. In the present case, Magistrate Schulman did not address one of the two claims set forth in the plaintiff's motion for modification at the March 9, 2017 hearing, or in denying the plaintiff's March 23, 2107 motion for reconsideration. Specifically, Magistrate Shulman did not render a

decision with respect to the plaintiff's second claim pertaining to the parties' January 20, 2017 stipulation. This court has concluded, albeit in a different procedural context, that there is a lack of a final judgment when a trial court fails to resolve fully the matter placed before it. See, e.g., *Morera* v. *Thurber*, 162 Conn. App. 261, 131 A.3d 1155 (2016); *McGuinness* v. *McGuinness*, 155 Conn. App. 273, 108 A.3d 1181 (2015); *Bucy* v. *Bucy*, 19 Conn. App. 5, 560 A.2d 483 (1989).

We also conclude that neither prong of the *Curcio* test has been satisfied under facts and circumstances of the present case. Following Judge Adelman's judgment affirming in part Magistrate Schulman's order and remanding the case for further proceedings as to the stipulation issue, this case traversed two divergent paths. The first led the parties to the present appeal. The second resulted in a November 8, 2017 hearing before the family support magistrate, *Gladys I. Nieves*, regarding the stipulation issue. At that proceeding, Magistrate Nieves noted that "[t]his case is on remand only for the determination of the plaintiff's claim for a reimbursement of funds pursuant to the stipulation of the parties and the order of the court dated January 20, 2017." After summarizing the relevant history of the case, Magistrate Nieves concluded that the plaintiff was entitled to $407.70 for money disbursed to the defendant on or about January 23, 2017. After unsuccessfully moving for reconsideration, the plaintiff appealed Magistrate Nieves' order to the Superior Court.

On June 11, 2018, the court, *Miller, J.*, sustained the appeal but did not focus on the stipulation issue, which was the sole matter decided by Magistrate Nieves. Instead, Judge Miller addressed the issue of whether the defendant had been overpaid as a result of the social security disability benefits.[7] In her June 29, 2018 "motion to reargue and/or for reconsideration," the defendant succinctly stated that Judge Miller's remand order concerned "the very issue that was denied by Magistrate Schulman, which denial was upheld by Judge Adelman, and is now on appeal to the Appellate Court." The defendant's motion was denied on July 6, 2018.[8]

Unquestionably, the policy objectives of the final judgment rule have not been achieved in this matter. As evidenced by the additional proceedings before Magistrate Nieves and Judge Miller, Magistrate Schulman's order neither terminated a separate and distinct proceeding nor concluded the rights of the parties so that further proceedings could not affect them. Accordingly, we conclude that Magistrate Schulman's order did not constitute a final judgment appealable to the Superior Court.

The judgement is reversed and the case is remanded with direction to dismiss the appeal for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] "The Connecticut Family Support Magistrate's Act . . . General Statutes §§ 46b-231 through 46b-23[6], was first enacted in 1986 in response to federal legislation providing federal funds for states that complied with federal requirements for the expeditious enforcement of child support orders in cases arising under Title IV-D. . . . In compliance with the processes mandated by the federal act, the legislature, by the passage of § 46b-231 (d) created the family support magistrate division of the superior court for the purpose of the impartial administration of child and spousal support." (Citations omitted; internal quotation marks omitted.) *O'Toole* v. *Hernandez*, 163 Conn. App. 565, 572–73, 137 A.3d 52, cert. denied, 320 Conn. 934, 134 A.3d 623 (2016).

[2] The judgment of dissolution restored the defendant's name to Yupaporn Noipeng.

[3] "According to [General Statutes] § 46b-86 (a), '[n]o order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party . . . .' " (Emphasis omitted.) *Lesueur* v. *Lesueur*, 172 Conn. App. 767, 780, 162 A.3d 32 (2017).

[4] On February 3, 2017, the family support magistrate, *Katherine Y. Hutchinson*, continued the case until March 9, 2017, to provide the parties time "to substantiate their claims and to disclose information." The order also noted that "[t]he stipulation that was approved . . . on [January 20, 2017] remains in effect."

[5] General Statutes § 46b-231 (n) (1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." See also *Ragin* v. *Lee*, 78 Conn. App. 848, 856, 829 A.2d 93 (2003). Our legislature has defined the role of the Superior Court in hearing an appeal from a family support magistrate: "The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 46b-231 (n) (7).

[6] We emphasize that this issue implicates the subject matter jurisdiction of the Superior Court, not the subject matter of this court. See *Johnson* v. *Clark*, 113 Conn. App. 611, 616 n.9, 967 A.2d 1222 (2009). This court has jurisdiction to determine whether the Superior Court has jurisdiction. Id.

[7] Judge Miller's June 11, 2018 decision provides in relevant part: "The appeal is sustained. While there were legitimate concerns about the scope of the [family support magistrate's] responsibilities on remand, the scope of the remand did require addressing the issues which have arisen due to the plaintiff's receipt of social security disability (SSD) benefits.

"When a party who has child support obligations is awarded SSD benefits, this will generally have a significant impact on the support obligations. . . . On this appeal, the plaintiff has established that he has, at a minimum, colorable claims that he can offset his SSD benefits against his child support arrearage and against his current support obligations. The plaintiff has argued that such calculations may result in a finding that he has overpaid the defendant, which claim also needs to be addressed.

"The decision of the family support magistrate is hereby reversed and the case is remanded to her for further proceedings consistent with this decision."

[8] Judge Olear, citing Practice Book § 11-12, denied the motion to reargue solely on the basis that Judge Miller had retired from the bench on June 11, 2018.