******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# KEITH PRIOLEAU *v.* NITZA AGOSTA
## (AC 46948)

Cradle, Clark and Seeley, Js.*

*Syllabus*

The plaintiff father, who had been awarded joint legal custody of the parties' minor child by the trial court on his application for custody, appealed from the trial court's judgment denying his motion to correct a child support order that had been entered by a family support magistrate in a separate child support action brought by the defendant mother and denying his motion to reargue the motion to correct. He claimed that the court erroneously concluded that it lacked the authority to modify the child support order. *Held*:

The trial court properly denied the plaintiff's motion to correct the child support order, as the plaintiff had failed to timely appeal the child support order to the Superior Court pursuant to statute (§ 46b-231 (n)), and the court therefore lacked the authority to correct the child support order under the circumstances of this case.

The trial court did not abuse its discretion in denying the plaintiff's motion to reargue, as the motion did not set forth any legal basis calling into question the court's conclusion that it lacked the authority to correct the child support order.

Argued February 27—officially released April 15, 2025

*Procedural History*

Application for custody of the parties' minor child, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Klau, J.*; judgment issuing certain orders regarding custody; thereafter, the court, *Klau, J.*, granted the defendant's motion for reconsideration and amended its orders, and the plaintiff appealed to this court, *Bright, C. J.*, and *Prescott* and *Seeley, Js.*, which affirmed the judgment of the trial court; subsequently, the court, *Diana, J.*, denied the plaintiff's motions to correct and to reargue a certain child support order, and the plaintiff appealed to this court. *Affirmed*.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Keith Prioleau*, self-represented, the appellant (plaintiff).

*Kelly S. Therrien*, for the appellee (defendant).

*Opinion*

CLARK, J. In this child custody action, the self-represented plaintiff, Keith Prioleau, appeals from the judgment of the trial court denying his motion to correct a child support order entered by a family support magistrate in a separate child support action and his subsequent motion to reargue his motion to correct.[1] On appeal, the plaintiff claims that the court erroneously concluded that it lacked the authority to modify the child support order. We affirm the judgment of the court.

The following undisputed facts and procedural history are relevant to this appeal. The plaintiff and the defendant, Nitza Agosta,[2] are the parents of a minor child, K. On October 28, 2019, the Commissioner of Social Services, on behalf of the defendant, filed a family support petition against the plaintiff. See generally *Agosta* v. *Prioleau*, Superior Court, judicial district of Hartford, Docket No. FA-19-6119171-S (child support

---

[1] The plaintiff's appeal form identifies only the order denying his motion to reargue as the order from which he appeals. However, his appeal form also lists the "judgment dates" as September 6, 2023 (the date on which his motion to reargue was denied); August 7, 2023 (the date on which his motion to correct was denied); and July 10, 2023 (a date on which no written orders were issued in the underlying custody matter, but on which a hearing was held, the transcript of which is not in the record). The plaintiff further asserts in his preliminary statement of the issues that one of the issues that he intends to present on appeal is "[w]hether a Superior Court has the authority to open and amend a Magistrate Court order." Mindful of the plaintiff's self-represented status, we construe the plaintiff's appeal to be from both the denial of his motion to correct and the denial of his motion to reargue. See, e.g., *Worth* v. *Picard*, 218 Conn. App. 549, 551 n.3, 292 A.3d 754 (2023); see also *Levine* v. *418 Meadow Street Associates, LLC*, 163 Conn. App. 701, 709–10, 137 A.3d 88 (2016).

[2] The defendant's last name is spelled "Agosto" in certain filings.

action). Shortly thereafter, on December 23, 2019, the plaintiff commenced this action. He sought joint legal custody of K, a parenting responsibility plan, and certain other remedies.

On August 5, 2021, in the child support action, the family support magistrate, Frederic Gilman, entered an order that, inter alia, directed the plaintiff to pay the defendant $244 per week in child support; found that the plaintiff owed a child support arrearage in the amount of $36,557; and directed the plaintiff to pay $46 per week toward that arrearage to the defendant through the support enforcement services of the Superior Court (child support order). The plaintiff did not seek judicial review of the child support order in the Superior Court within the time frame set forth in General Statutes § 46b-231 (n).[3] The plaintiff, instead, filed a motion to

[3] General Statutes § 46b-231 provides in relevant part: "(n) (1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section.

"(2) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the Family Support Magistrate Division or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon. . . .

* * *

"(7) The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

* * *

"(o) Upon final determination of any appeal from a decision of a family support magistrate by the Superior Court, there shall be no right to further review except to the Appellate Court. The procedure on such appeal to the Appellate Court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments

open the judgment on December 2, 2021, and an amended motion to open on May 13, 2022. On May 13, 2022, the family support magistrate, J. Lawrence Price, denied both the original and amended motions to open. The plaintiff thereafter appealed from the family support magistrate's May 13, 2022 order directly to this court. On July 26, 2022, this court dismissed the plaintiff's appeal for lack of a final judgment because the plaintiff had improperly sought review of the family support magistrate's decision in this court without first appealing to the Superior Court and receiving a final determination on the appeal in that forum, as required by § 46b-231 (n) and (o). See footnote 3 of this opinion. The plaintiff sought reconsideration of that decision, which this court denied on September 19, 2022.

Meanwhile, in the present action, the trial court, *Klau, J.*, issued a memorandum of decision on January 6, 2022, in which, inter alia, it awarded the parties joint legal custody of K with primary residence with the defendant and established a parenting schedule. On February 8, 2022, in response to a motion for "clarification, articulation, and reargument" filed by the defendant, the court issued an updated order in which it made certain modifications to the parenting schedule set forth in its January 6, 2022 memorandum of decision. The plaintiff appealed to this court, which affirmed the trial court's judgment on July 4, 2023. See *Prioleau* v. *Agosta*, 220 Conn. App. 248, 249, 297 A.3d 1012 (2023). Among the plaintiff's claims in that appeal was a claim

rendered by the Superior Court unless modified by rule of the judges of the Appellate Court. There shall be no right to further review except to the Supreme Court pursuant to the provisions of section 51-197f. . . .

"(q) When an order for child or spousal support has been entered against an obligor by the Superior Court in an action originating in the Superior Court, such order shall supersede any previous order for child or spousal support against such obligor entered by a family support magistrate and shall also supersede any previous agreement for support executed by such obligor and filed with the Family Support Magistrate Division. . . ."

that this court "in its plenary review should also review the impact that actual custody has on the [child support order]" and "should order that neither party pay child support to the other but rather keep their incurred half of child support for expenses they incur." (Internal quotation marks omitted.) Id., 249 n.1. This court concluded that it lacked jurisdiction to consider the plaintiff's claims pertaining to the child support order because the plaintiff had not filed an appeal from the child support order in the Superior Court. Id.

On August 4, 2023, in the present action, the plaintiff filed a motion "to remove and dismiss child support contempt sanctions against him" (motion to correct). At no point prior had the plaintiff filed an appeal from the child support order to the Superior Court. In his motion to correct, the plaintiff averred that, as a result of the child support order, he had been subjected to wage garnishment and had been compelled to surrender his passport, among other penalties, and that these penalties had interfered with his career opportunities and caused certain other hardships. He claimed that he had been subjected to these penalties because the child support order referred to the $36,557 he owed as an "arrearage," which, in his view, erroneously "[gave] the appearance to [support enforcement services] that [he was] in civil contempt . . . ."[4] He requested that the

_____

[4] There is no indication that the plaintiff was ever held in contempt in the child support action prior to August 4, 2023, when he filed the motion to correct. Connecticut statutes and regulations governing child support set forth various mechanisms for collecting on past due child support and enforcing child support orders that do not require a finding of contempt as a prerequisite. See, e.g., General Statutes § 52-362 (b) (income withholding); Regs., Conn. State Agencies § 52-362d-2 (liens); Regs., Conn. State Agencies § 52-362d-3 (credit reporting); Regs., Conn. State Agencies § 52-362e-2 (withholding of federal income tax refunds); Regs., Conn. State Agencies § 52-362e-3 (withholding of state income tax refunds).

In connection with his claim that he was required to surrender his passport, the plaintiff has attached to his appellate brief what appear to be copies of email correspondence between himself and an employee of support enforcement services. These emails do not state that support enforcement services

child support order be "correct[ed]" by "replacing the word arrearage with the word retroactive" and that the court affirm that "neither parent should have to pay the other child support" by "enter[ing] a deviation that allows both parents to keep their share of child support for child expenses incurred  . . . ."[5]

The court, *Diana, J.*, denied the motion to correct on August 7, 2023. Ruling from the bench, the court stated: "All right. I also had a chance to look at your motion. It's a motion to correct. You're giving me too much authority. I don't have [authority to grant] a motion to correct the magistrate's decision. It's not anything that I have the ability to do. . . . So, I can't just correct the magistrate's decision. You could ask a magistrate to reconsider. You could ask to reargue. You can do that through the magistrate, but I can't just—I'm not the appellate court for the magistrate on this issue. So, for those reasons, I have to deny your motion to correct, not because I don't think it should be corrected, but I'm not the one to do it." That same day, the court issued a written order denying the motion to correct without providing any further explanation. The plaintiff filed a motion to reargue on August 11, 2023, which largely reiterated the claims made in his motion to correct. The court denied the motion to reargue on September 6, 2023. This appeal followed.[6]

is requiring the plaintiff to surrender his passport. Instead, they state that, because the plaintiff's balance of unpaid child support exceeds $2500, he will not be able to obtain a new passport or renew any existing passport he may have if it has expired. See 42 U.S.C. § 652 (k) (2018). They further state that, if the plaintiff has an existing valid passport, it remains valid.

[5] The plaintiff does not claim on appeal that the court improperly refused to abrogate his and the defendant's underlying child support obligations to one another. Rather, he expressly requests that this court limit its review "to the removal of sanctions and anything the court finds relevant towards sanctions and [support enforcement services] implementation of those sanctions and judicial discretionary abuses . . . ."

[6] While this appeal was pending, the plaintiff filed in the child support action a motion to modify child support; a motion "for judgment in accordance with the opinion of the Appellate Court [in *Prioleau* v. *Agosta*, supra,

The plaintiff claims that, in denying his motions to correct and to reargue, the court erroneously "performed no oversight" of the penalties that he incurred as a result of the child support order and improperly failed to "perform any probable cause analysis" as to whether those penalties were warranted.[7] We disagree and conclude that the court properly determined that it lacked the authority to correct the family support magistrate's decision.

We begin with the relevant legal principles and standards of review. Whether a court has authority to act is a question of law over which our review is plenary. See, e.g., *Nutmeg State Crematorium, LLC* v. *Dept. of Energy & Environmental Protection*, 210 Conn. App. 384, 397, 270 A.3d 158, cert. denied, 343 Conn. 906, 272 A.3d 1126 (2022). "[T]he Superior Court is a general jurisdiction tribunal with plenary and general subject matter jurisdiction over legal disputes in family relations matters under General Statutes § 46b-1 . . . which includes alimony and support." (Citation omit-

220 Conn. App. 248]"; and a motion for sanctions against the defendant's counsel. The family support magistrate, Charlene W. Spencer, denied these motions on January 19, 2024. The plaintiff thereafter appealed to the Superior Court. The court, *Larock, J.*, remanded the family support magistrate's decision for further proceedings to consider whether a deviation from the presumptive support amount was appropriate. On August 1, 2024, the plaintiff filed a motion for "injunction and request for leave to appeal order to the Appellate Court," which the court denied the same day. The plaintiff then appealed to this court. See generally *Agosta* v. *Prioleau*, Connecticut Appellate Court, Docket No. 47890 (appeal filed August 7, 2024). On March 5, 2025, this court dismissed that appeal for lack of subject matter jurisdiction.

[7] The plaintiff also claims that due to certain irregularities in connection with the issuance of the child support order, and due to the hardships he has suffered as a result of that order, this court should, "in its de novo review," "[m]odify and reverse all [of] the sanctions presented in this case . . . ." As we discuss herein, the plaintiff did not timely appeal from the child support order and secure a final judgment on that appeal in the Superior Court. No final judgment ratifying or modifying the various penalties attendant on that order is before us in this appeal. We therefore lack jurisdiction to review this claim. See *Prioleau* v. *Agosta*, supra, 220 Conn. App. 249 n.1; *Shear* v. *Shear*, 194 Conn. App. 351, 359–60, 221 A.3d 450 (2019).

ted; internal quotation marks omitted.) *L. K.* v. *K. K.*, 226 Conn. App. 279, 288, 318 A.3d 243 (2024). Pursuant to § 46b-231 (q), "the Superior Court may enter support orders in a case that had been pending before [a] family support magistrate but which originated in the Superior Court." *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 284, 928 A.2d 566 (2007). It is well established, however, that "[t]he authority of family support magistrates is defined and limited by statute [and that] [a]lthough judges of the Superior Court exercise general jurisdiction, the court must act, in this area of the law, in a manner consistent with the statutory scheme governing the family support magistrate division of the Superior Court." (Internal quotation marks omitted.) *O'Toole* v. *Hernandez*, 163 Conn. App. 565, 573, 137 A.3d 52, cert. denied, 320 Conn. 934, 134 A.3d 623 (2016).

"[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *First Niagara Bank, N.A.* v. *Pouncey*, 204 Conn. App. 433, 440, 253 A.3d 524 (2021).

Our analysis of the plaintiff's claim is guided by this court's holding in *Pritchard* v. *Pritchard*, supra, 103 Conn. App. 276. In *Pritchard*, a support enforcement action, the Superior Court held the defendant in contempt for his failure to pay alimony, child support, and medical expenses; found that he owed a substantial arrearage; and ordered him incarcerated on bond. Id., 279–80. The court then referred the matter to a family support magistrate, who again found the defendant in contempt and set a purge figure commensurate with the amount of the arrearage. Id., 280. Over a period of more than one year, the family support magistrate held periodic reviews of the contempt finding, modifying the bond and purge figure several times. Id. Thereafter, the state filed a motion for reconveyance of certain real property on the parties' dissolution docket in the Superior Court. Id., 280–81. The Superior Court, following a hearing on that motion, vacated the finding of an arrearage, the bond, and all prior contempt findings against the defendant and entered various other orders. Id., 281. The state appealed, arguing, inter alia, that the Superior Court had improperly vacated and retroactively modified the family support magistrate's orders, when no appeal of those orders had been filed pursuant to § 46b-231 (n). Id., 278. This court agreed. Although it recognized that, under § 46b-231 (q), the Superior Court may enter prospective support orders that would supersede those of a family support magistrate in a case that originated in Superior Court, this court explained that the Superior Court's authority under § 46b-231 (q) was "not unbounded." Id., 285. In particular, the court reasoned that, if a Superior Court judge were authorized to vacate a family support magistrate's prior order in the absence of an appeal of that order filed pursuant to § 46b-231 (n), the appeal process set forth in subsection (n) would be "render[ed] . . . meaningless." Id., 285–86.

Applying these principles to the present case, we find no error in the court's conclusion that it lacked authority to correct the child support order. The plaintiff's motion requested that the court modify a prior child support order that had been entered by a family support magistrate, averring that the order as written had caused the plaintiff to experience various hardships. The plaintiff had not, however, taken a timely appeal of the child support order to the Superior Court, which would have been authorized to reverse or modify the child support order if it determined that the plaintiff's substantial rights had been prejudiced. See General Statutes § 46b-231 (n) (7). In the absence of such an appeal, permitting a judge of the Superior Court to nonetheless rewrite the child support order, pursuant to a motion filed in a parallel action almost two years after the order was entered, "would render [§ 46b-231 (n)] meaningless." *Pritchard* v. *Pritchard*, supra, 103 Conn. App. 286. The court therefore correctly concluded that it lacked the authority to correct the child support order under the circumstances of this case.

With respect to the court's denial of the plaintiff's motion to reargue, that motion reiterated the arguments made in the motion to correct and sought the same relief. Although the motion to reargue contained some additional language reciting the legal standard for granting a motion to reargue and setting forth certain factual allegations that were not included in the motion to correct, it did not set forth any legal basis calling into question the court's conclusion that it lacked the authority to correct the child support order. Because the plaintiff's motion to reargue was "effectively nothing more than an attempt to have an impermissible second bite of the apple"; *Baillergeau* v. *McMillan*, 143 Conn. App. 745, 754, 72 A.3d 70 (2013); the court did not abuse its discretion in denying it.

The judgment is affirmed.

In this opinion the other judges concurred.